IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRANK CLIFF, Deceased, by his      )
widow, BARBARA CLIFF,              )
                                   )
          Plaintiff,               )  Case No. CV05-3055-HU
                                   )
      vs.                          )       FINDINGS AND
                                   )       RECOMMENDATION
JO ANNE B. BARNHART,               )
Commissioner, Social Security      )
Administration,                    )
                                   )
          Defendant.               )
_____)

James Christian Sims
Center for Non-Profit Legal Services, Inc.
P.O. Box 1586
Medford, Oregon 97501
      Attorney for plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Neil J. Evans
Assistant United States Attorney

1    - FINDINGS AND RECOMMENDATION

1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204
Thomas M. Elsberry
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104
     Attorneys for defendant

HUBEL, Magistrate Judge:

     Plaintiff brought this action pursuant to Section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) terminating his disability insurance benefits under Titles II and XVI of the Act. After plaintiff filed his opening brief, the parties filed a stipulated motion for remand for a fully favorable decision, pursuant to sentence four of § 406(g). The court granted the stipulated motion to remand on August 16, 2006.

     Plaintiff has filed an application for attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiff seeks payment for 100 billable hours, at a rate of $153.00 per hour, for a total attorney's fee request of $15,319.00, and costs of $250.00.

     The Commissioner admits that procedural errors by the ALJ rendered the government's position not substantially justified, but disputes the reasonableness of the attorney's fees requested. The Commissioner particularly takes issue with the "block

2  - FINDINGS AND RECOMMENDATION

billing" exhibited in counsel's time records; counsel's failure to account for time in increments of tenths of an hour; and the number of hours spent on preparing the claimant's opening brief.

It is the fee claimant's burden to demonstrate that the number of hours spent was "reasonably necessary" to the litigation and that counsel has made a good faith effort to exclude from the fee request hours that are "excessive, redundant or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

The brief and the time records submitted by the claimant's attorney make it difficult for the court to evaluate the reasonableness of the fees requested. The total number of hours shown on the time records is 133.50. Counsel indicates that he has reduced his fees by requesting payment for 100 hours, but he has not indicated which of the remaining 33.5 hours of time entries the court is to disregard, or why.

The government notes the large number of entries by plaintiff's counsel showing "block billing." The court has long disapproved block billing, in which several different tasks are grouped and billed in one large block of time. See Frevach Land Co. v. Multnomah County, Civ. No. 99-1295-HU, 2001 WL 34039133 at *9 (D. Or. December 18, 2001). In Frevach, I concluded that any block billing entry of three or more hours and containing two or more tasks, when one of the tasks could have taken anywhere from

3   - FINDINGS AND RECOMMENDATION

a small to a substantial amount of time, prevent the court from determining the time reasonably spent on a particular task. Counsel's time records show a number of "block billing" entries of three or more hours containing two or more tasks. See, e.g., entries dated March 20, 2006, March 21, 2006, March 22, 2006, March 23, 2006, March 27, 2006, March 29, 2006, April 4, 2006, April 12, 2006 (all stating "legal research for brief, exhibits research," and showing blocks of 6.00, 5.00, 3.00, 5.50, 5.00, 5.00, 3.00, and 11.00 hours, respectively) and entries dated April 13, 2006, April 17, 2006, April 18, 2006, April 19, 2006, and April 20, 2006 (all stating "drafting brief, exhibits review, legal research" and showing blocks of 10.00, 6.00, 11.00, 6.50, and 6.00 hours, respectively).

Further, I note that almost half of counsel's time entries are in full-hour increments (20 out of 42 entries), including nearly all of the entries related to preparation of the brief. None of the entries is for a period of less than .25 hours, and all entries for telephone calls and correspondence are .25 hours, indicating that counsel's time records are maintained in blocks of .25 hours or more, regardless of the actual time spent on a telephone call or drafting a letter.

Almost all of the time for which counsel seeks compensation (123 hours for the period between March 8 and April 24, 2006) was spent on tasks apparently related to the writing of the single

brief that was filed in this case, including review of medical records and exhibits, legal research for the brief, drafting the brief, and the rather puzzling task of "exhibits research." Even if the 33.5 hours of compensation which counsel has agreed to forgo are subtracted from the time spent on tasks related to the brief, counsel has still requested compensation for 89.5 hours spent on writing and researching the brief. The government asserts that this is an unreasonable amount of time for the brief filed in this case. I agree.

The claimant's brief is 45 pages long. Although the brief lists several assignments of error based on violation of the claimant's due process rights by the ALJ, and counsel states in his affidavit "[s]everal issues of denial of Constitutional Due Process had to be researched," Affidavit of Jim Sims, p. 4, the argument section of the brief focuses entirely on standard Social Security issues such as lack of substantial evidence to support the ALJ's decision, improper evaluation of the medical evidence, failure to consider Veteran's Administration disability evaluations, incomplete hypothetical questions to the vocational expert, and so on. Because legal research is combined with brief drafting, exhibits review, and exhibits research, the court is unable to determine how much time claimant's attorney actually spent on legal research and brief drafting. I note, however, that counsel states he has worked on Social Security cases since 1976,

and that he has worked exclusively on Social Security cases for the past 11 years. On the basis of counsel's experience, I conclude that legal research and drafting of the brief filed in this case should have required no more than 24 hours.

I do note, however, that the administrative record in this case is over 1,800 pages and includes four administrative hearings. I have also considered counsel's statement in his affidavit that his client committed suicide two months after receiving the unfavorable ruling, and was therefore unable to assist counsel in this litigation. In view of these circumstances, I conclude that a reasonable time for counsel to have spent organizing and analyzing the evidence in this case is 50 hours. Accordingly, I have reduced the time spent on tasks related to the brief from 89.5 hours to 74 hours (24 hours for legal research and drafting, 50 hours for organizing and analyzing the evidence).

With respect to the remaining 10.5 hours of time, I have reduced the fee request for two items. Counsel records that he spent 2.75 hours on July 5, 2005 for "Complaint Draft, research; EAJA." In view of counsel's years of experience in Social Security cases, I conclude this amount of time is unreasonable, and reduce it to 1.5 hours. Counsel also records that he spent two hours on March 6, 2006 on records review for a motion to extend time. I have reduced the two hours to one. Although I

6   - FINDINGS AND RECOMMENDATION

agree with the Commissioner that counsel should have billed telephone conferences and correspondence in increments of .10 hours instead of .25 hours, I make no reduction because the total amount of time claimed for these tasks is only 2.5 hours.

I recommend that plaintiff be awarded compensation for 82.25 hours at an hourly rate of $153.00, for a total attorney's fee award of $12,584.25. Because plaintiff has not filed a cost bill, I make no recommendation with respect to costs.

### Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due November 30, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due December 14, 2006, and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 15th day of November, 2006.

/s/ Dennis J. Hubel

_____

Dennis James Hubel
United States Magistrate Judge